**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

PAUL LEONARD HALTHON                                                                PLAINTIFF

VS.                                                         CIVIL ACTION NO. 1:08cv48-HSO-JMR

KEN BROADUS, et al                                                                 DEFENDANTS
_____

## REPORT AND RECOMMENDATIONS

This matter appears before the Court pursuant to a Motion [23-1] to Dismiss filed by Defendant, William S. R. Ross, M.D., which was filed on July 3, 2008. To date, Plaintiff has failed to file a Response in opposition of Defendant's Motion. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Motion [23-1] should be granted and all claims against William S. R. Ross, M.D. should be dismissed.

## FACTS

Plaintiff was a pre-trial detainee at the Jackson County Adult Detention Center ("JCADC") at all times relevant herein. On February 15, 2008, Plaintiff filed this *pro se* § 1983 action against Defendant William S. R. Ross, M.D., ("Dr. Ross") and several other Defendants[1]. On February 15, 2008, Plaintiff filed a Motion [2-1] for Leave to Proceed *In Forma Pauperis*, which was granted by Order [8-1] on March 19, 2008. On April 22, 2008, Plaintiff filed an Amended Complaint [11-1] providing additional information regarding the various claims made in his original Complaint.

Plaintiff alleges that the conditions of his confinement at the JCADC are unconstitutional.

---

[1] Plaintiff's Complaint named Dr. Ross, Deputy Nurse Jerome Barnes, Captain Ken Broadus, and Jackson County as Defendants to the suit. However, only Dr. Ross is listed as a party to the instant Motion [23-1] to Dismiss. Accordingly, Plaintiff's claims against the other Defendants remain unaffected by the Court's present ruling.

See Amended Complaint [11-1]. Furthermore, Plaintiff makes several specific allegations against the medical staff at the JCADC. Plaintiff's claims against Dr. Ross stem from an episode which occurred in early 2007. *Id.* at 4. According to Plaintiff's pleadings, Plaintiff's left knee suffered serious trauma as the result of a vehicle accident several years prior to his incarceration. *Id at 17*. Plaintiff alleges that Dr. Ross provided an injection to help alleviate the pain in his knee. *Id.* Plaintiff further alleges that Dr. Ross again provided this injection one month later. During the administration of the second injection, Dr. Ross poked Plaintiff's knee in several locations. *Id.* Plaintiff alleges that this was extremely painful, and the pain increased after the effects of the shot diminished approximately three weeks later. *Id.* Plaintiff states that, following the second injection, he was informed by one of the JCADC nurses that the injection was only supposed to be "a one time deal." *Id.* Therefore, Plaintiff alleges that the second administration of this injection caused him to suffer unnecessary pain and mental anguish. *Id.*

Dr. Ross seeks to have the suit against him dismissed due to Plaintiff's failure to comply with Miss. Code Ann. § 15-1-36(15) and § 11-15-18**.** Miss. Code Ann. § 15-1-36(15) requires that the plaintiff in a medical malpractice action provide the defendant physician with sixty days prior written notice of the intention to file suit. Miss. Code Ann. § 11-15-18 requires that the plaintiff in a medical malpractice action submit a certification stating that the plaintiff has consulted with a medical expert and that there is a reasonable basis for commencing the suit. Dr. Ross contends that Plaintiff has failed to comply with both provisions, and therefore the present action should be dismissed. Additionally, and in the alternative, Dr. Ross contends that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

The Court notes that Plaintiff has filed his suit pursuant to § 1983, and thus the mandates of Miss. Code Ann. § 15-1-36(15) and § 11-15-18 are inapplicable. When a pre-trial detainee

alleges unconstitutional conduct which involves an episodic act or omission, the standard is not one of negligence, but whether the state official acted with deliberate indifference to the detainee's constitutional rights. *See Gibbs v. Grimmette,* 254 F.3d 545, 548 (5th Cir. 2001). Therefore, the Court shall review Plaintiff's Complaint and Amended Complaint to determine whether Plaintiff has alleged that Dr. Ross acted with deliberate indifference to Plaintiff's medical needs.

## **STANDARD OF REVIEW**

The Complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because Plaintiff is a detainee who proceeds *in forma pauperis*, the PLRA authorizes the Court to dismiss the case if it is determined that the complaint is frivolous. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks any arguable basis in law or fact. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in fact if it is wholly based on an indisputably meritless legal theory . . . ." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A motion to dismiss pursuant to § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *See* Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002).

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401 (5th Cir.1996). Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir.1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 164 (quoting

*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'"*Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420-421 (5th Cir. 2006)(quoting 3 CHARLES ALAN WRIGHT & ARTHUR R.MILLER, FEDERAL PRACTICE AND PROCEDURE: Civ. 2d § 1216 at 156-159 (footnote omitted)). The Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994).

Ordinarily, the Court may not look beyond the pleadings in ruling on a 12(b)(6) motion. *Baker*, 75 F.3d at 196. However, in evaluating a motion which challenges the adequacy of a complaint under 12(b)(6) in a prisoner's *pro se* suit, this Court must look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983). Furthermore, the Fifth Circuit has stated:

> [I]t is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly *pro se* complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.... *Pro se* prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief.

*Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989)(quoting *Taylor v. Gibson*, 529 F.2d 709, 713-714 (5th Cir. 1976)).

## **ANALYSIS**

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the

Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights protected by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

An official capacity action cannot be maintained against Dr. Ross, because he is not a policymaker for purposes of municipal liability. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). Accordingly, Plaintiff's claim must proceed against Dr. Ross in his individual capacity only. *See Grosch v. Tunica County, Miss.*, 2008 WL 114773, *9 (N.D. Miss. 2008).

There is no significant distinction between pretrial detainees and convicted inmates when the denial of medical care is at issue. *Gibbs*, 254 F.3d at 548. When an alleged constitutional violation for failure to provide adequate medical care stems from an episodic act or omission, the question is whether the state official acted with deliberate indifference to the individual's constitutional rights. *Id.* In order to prove deliberate indifference to serious medical needs, and thus a constitutional violation, a prisoner must show that the state official knew of and disregarded an excessive risk to inmate health or safety. *See Stewart v. Murphy*, 174 F.3d 530, 534-35 (5th Cir. 1999).

Deliberate indifference is more than mere negligence in providing or failing to provide medical treatment. *See Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982). The law is clear that unsuccessful medical treatment, mere negligence, neglect, nor medical malpractice gives rise to a section 1983 cause of action. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Furthermore, disagreement with medical treatment alone is insufficient to support a claim under section 1983. Rather, "the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him

incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Plaintiff alleges that Dr. Ross twice provided pain injections to his left knee in order to alleviate Plaintiff's complaints of severe knee pain. Further, Plaintiff alleges that he was later informed by a nurse that the injection should have only been administered once. Plaintiff contends that the second injection caused him unnecessary pain.

There is simply no evidence that Dr. Ross knew of and consciously disregarded a serious risk to Plaintiff's health or safety. Despite Plaintiff's disagreement with the number of injections and the manner in which they were provided, the record is clear that Plaintiff received medical treatment from Dr. Ross in response to the complaints of pain in Plaintiff's left knee. Therefore, Plaintiff cannot claim that Dr. Ross either ignored his complaints or refused to treat him. Furthermore, Plaintiff has no means of supporting an allegation that Dr. Ross intentionally treated him incorrectly. Plaintiff's grounds for contending that he was to receive only one injection are based upon the comments of a nurse rather than a physician.[2] Even if all of Plaintiff's allegations are taken as true, the Court finds that Dr. Ross merely provided Plaintiff with pain medication for his injured knee. Therefore, the Court is unable to conclude that Dr. Ross acted with deliberate indifference to Plaintiff's medical needs.

Based on the evidence of record, the Court finds that Plaintiff has failed to state a claim against Dr. Ross pursuant to § 1983. Plaintiff's complaints regarding the pain injections administered by Dr. Ross, at best, constitute a disagreement with his treatment protocol. At worst,

---

[2] The Court notes that Plaintiff only discovered this alleged information *when he requested a third injection for the pain in his knee*. *See* Amended Complaint [11-1] at page 10.

Plaintiff's allegations regarding Dr. Ross' treatment constitute medical malpractice. However, the law is clear that neither theory will permit a recovery for damages under § 1983. The Court is simply unable to conclude that, based on the aforementioned allegations, Plaintiff is capable of proving any set of facts which would entitle him to pursue his claim against Dr. Ross. Accordingly, Dr. Ross should be dismissed as a Defendant to the instant action.

## **CONCLUSION**

The Court notes that Plaintiff is proceeding *pro se*, and has viewed the Complaint and amended pleadings in a liberal fashion. However, after a thorough review of the record, the Court concludes that Plaintiff's pleadings do not include any allegations of deliberate indifference on the part of Dr. Ross. Accordingly, the Court finds that the Motion to Dismiss should be granted, and Dr. Ross should be dismissed as a Defendant to the instant action.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the   5th   day of February, 2009.

s/ John M. Roper
CHIEF UNITED STATES MAGISTRATE JUDGE